**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo Perez, | No. CV 06-0038-PHX-SMM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #8). Plaintiff failed to respond. The Court will grant Defendants' motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and Captain Peterson, and alleged that his constitutional rights were violated by overcrowding, lead paint, and unsanitary conditions at the jail (Doc. #1). The Court ordered an answer, and Defendants filed a Motion to Dismiss (Doc. ##4, 8). The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. #9). Plaintiff did not file a response. The time for responding has expired, and the motion is ready for ruling.

In their motion, Defendants contended that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #8). In support, Defendants submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Ex. 1, Doc. #8).  Tademy attested that inmates are provided a copy of the "Rules and Regulations for Inmates," which describes the jail's grievance procedure (Tademy Aff. ¶ 7).  Tademy further attested that the grievance policy does not restrict the type of grievances that an inmate may submit (Id. ¶ 9).  According to the sheriff's office records, Plaintiff filed one grievance during his confinement at the jail, but that grievance was unrelated to the claims in this action (Id. ¶ 11).  In addition to the affidavit, Defendants submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and two pages from the "Rules and Regulations for Inmates" (Exs. 1A, 1C, Doc. #8).

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendants filed the Motion to Dismiss, the Court informed Plaintiff of his obligation to respond to the motion, and that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #9).  Despite these warnings, Plaintiff failed to respond to Defendants' motion.  Plaintiff's failure to respond will be construed as a consent to the granting of the motion.  However, the merits of Defendants' motion will be addressed.

## III. Legal Standard on Motion to Dismiss

A prisoner must first exhaust "available" administrative remedies before bringing an action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the

1 administrative review process in accordance with the applicable rules. See Woodford v.
2 Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life,
3 Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through
4 the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

5       Contrary to Defendants' assertion, the administrative exhaustion requirement does not
6 require dismissal of the entire action when a prisoner brings a § 1983 action containing both
7 unexhausted and exhausted claims. The "total exhaustion" rule was rejected by the Ninth
8 Circuit in Lira v. Herrera, 427 F.3d 1164, 1173-75 (9th Cir. 2005), petition for cert. filed, 74
9 U.S.L.W. 3425 (2006). The validity of the "total exhaustion" rule is presently pending
10 before the Supreme Court in Williams v. Overton, 136 Fed. Appx. 859, 2005 WL 1513102
11 (6th Cir. 2005) (unpublished), cert. granted, 126 S. Ct. 1463 (March 6, 2006). Until the
12 Supreme Court decides to the contrary, the binding precedent in this circuit is that only
13 unexhausted claims are dismissed, not the entire action. Lira, 427 F.3d at 1175-76.

14       Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt
15 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of
16 abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to
17 decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the
18 method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
19 Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

20 **IV. Analysi**s

21       Defendants submitted evidence that a grievance system was available at the jail for
22 Plaintiff's claims (Tademy Aff. ¶¶ 5, 9; Ex. 1A, Doc. #8). Plaintiff conceded in his
23 Complaint that he failed to file the requisite grievances within the jail system (Doc. #1 at 4-
24 6). Plaintiff asserted for each of his three claims that he was told the issue was not grievable
25 (Id.). But he did not explain who told him that these issues were not grievable, or what
26 transpired for each claim. Without more, his allegation is insufficient to overcome
27 Defendants' evidence that there existed a grievance system which was made available to
28 Plaintiff. In failing to respond to the motion, Plaintiff presented nothing to support a

conclusion that he availed himself of that system.  Based on the evidence before the Court, Plaintiff failed to exhaust his administrative remedies, and Defendants' motion will be granted.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #8) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 21st day of November, 2006.

Stephen M. McNamee
United States District Judge